UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAIWANA BYRD,

    Plaintiff,

v.      Case No: 8:23-cv-1254-CEH-SPF

HYUNDAI MOTOR FINANCE,
PRIMERITUS FINANCIAL
SERVICES, INC. and HOWES
RECOVERY LLC,

    Defendants.
_____/

## ORDER

In this action arising out of an alleged unlawful repossession of a vehicle, Plaintiff sues Defendants under state and federal law. This matter is before the Court on Defendants Hyundai Motor Finance and Primeritus Financial Services, Inc.'s Amended Motion to Dismiss (Doc. 21). Defendant Howes Recovery LLC joins in the motion to dismiss (Doc. 27). In the motion, Defendants request dismissal of Plaintiff's Amended Complaint, arguing Plaintiff fails to state a claim under Florida law because Plaintiff does not allege facts to establish a breach of peace occurred in conjunction with Defendants' rightful repossession of Plaintiff's vehicle. Plaintiff responded in opposition. Doc. 23. The Court, having considered the motion and being fully advised in the premises, will deny Defendants Hyundai Motor Finance and Primeritus Financial Services, Inc.'s Amended Motion to Dismiss.

I. **BACKGROUND**[1]

Plaintiff, Jaiwana Byrd, owns a 2022 Hyundai Kona that is financed through a loan from Hyundai Motor Finance d/b/a Hyundai Capital America ("Hyundai"). Doc. 14 ¶ 13. Plaintiff lost her job causing her to fall behind on her car payments. *Id.* ¶ 15. Hyundai contracted with Primeritus Financial Services, Inc. ("Primeritus") to repossess Plaintiff's vehicle due to the delinquent payments. *Id.* ¶ 17. Primeritus contracted with Howes Recovery LLC, ("Howes") to carry out the repossession. *Id.* ¶ 19.

On February 9, 2023, Plaintiff heard her car alarm sound. *Id.* ¶ 20. Plaintiff went outside and observed a tow truck next to her vehicle. *Id.* ¶ 21. The tow operator told her he was there to repossess the vehicle. *Id.* ¶ 22. Plaintiff told the tow operator to stop the repossession as she was calling Hyundai right then to make a payment. *Id.* ¶ 23. To stop the repossession, Plaintiff sat inside her vehicle to make the payment. *Id.* ¶ 24. The tow operator started yelling at Plaintiff that he needed to get the car and go. *Id.* ¶ 25. Plaintiff again advised the tow operator to stop the repossession because she was making a payment. *Id.* ¶ 26. Defendants' tow operator refused to stop the repossession, ultimately taking the car despite Plaintiff's repeated objections. *Id.* ¶ 27.

Plaintiff sues Hyundai, Primeritus, and Howes in a two-count Amended Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

---

[1] The following statement of facts is derived from the Amended Complaint (Doc. 14), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

2

1692f *et seq.* ("FDCPA"), against Howes and Primeritus (Count I); and unlawful repossession under Fla. Stat. §§ 679.601 and 679.609, *et seq.* against all Defendants (Count II). Doc. 14. Defendants Hyundai and Primeritus filed the instant Amended Motion to Dismiss the Amended Complaint (Doc. 21), in which Defendant Howes joins (Doc. 27). Defendants argue that Plaintiff's claims fail because the claims are premised on an allegation that the tow operator "breached the peace," but the facts, as alleged by Plaintiff, do not constitute a breach of the peace under Florida law. Plaintiff opposes the amended motion to dismiss arguing Defendants rely primarily on a case applying Alabama law, and Florida law differs from Alabama in breach of the peace situations. Doc. 23.

II.   **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

3

(citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III. DISCUSSION

In Count I of the Amended Complaint, Plaintiff sues Howes and Primeritus alleging their repossession conduct violated section 1692f of the FDCPA. Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." In pertinent part, a debt collector is precluded from "[t]aking . . . any nonjudicial action to effect . . . dispossession of property if—

> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession of the property; or
> (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C.A. § 1692f(6). "Courts presented with the issue of determining whether a repossession agency has violated § 1692f(6) look to the applicable state self-help repossession statute which identifies the circumstances under which an enforcer of a security interest does not have a present right to the collateral at issue." *Wright v. Santander Consumer USA, Inc.*, No. 6:18cv-263-ACC-KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) (citations omitted). Under Florida's self-help repossession statute, a repossession agency can only repossess collateral, "if it proceeds without breach of the peace." Fla. Stat. § 679.609(2)(b). Plaintiff alleges that Defendants breached the peace by continuing with the repossession in the face of Plaintiff's repeated and unambiguous objections and instructions for the Defendant to stop the repossession.

4

Florida statutes do not define "breach of the peace." But Florida courts apply the following two-prong test to determine whether "a breach of the peace has occurred within the meaning of the statute: '(1) whether there was entry by the creditor upon the debtor's premises, and (2) whether the debtor or one acting in his behalf consented to the entry and repossession.'" *Quest v. Barnett Bank of Pensacola*, 397 So. 2d 1020, 1023 (Fla. 1st DCA 1981) (quoting *Marine Midland Bank-Central v. Co*te, 351 So.2d 750, 752 (Fla. 1st DCA 1977)). In the motion to dismiss, Defendants argue Plaintiff's complaint fails because there is no allegation of entry by the creditor onto the debtor's premises.[2] Doc. 21 at 5. Although more tenuous, a breach of peace can occur, even from a public street, where there is an objection by the vehicle owner to the repossession.

> In general, the creditor may not enter the debtor's home or garage without permission, but he can probably take a car from the debtor's driveway without incurring liability. The debtor's consent, freely given, legitimates any entry; conversely, *the debtor's physical objection bars repossession even from a public street*. This crude two-factor formula of creditor entry and debtor response must, of course, be refined by at least a consideration of third party response, the type of premises entered and possible creditor deceit in procuring consent.
> . . .
> Thus, the great majority of courts find unauthorized entries into the debtor's residence to be breaches of the peace, and many find entry into his place of business or garage to be such a breach. As one moves away from the residential threshold to the yard, the driveway, and finally the public street, however, the debtor's argument becomes progressively more tenuous. We have found no case which holds that the repossession of an automobile from a

---

[2] Defendants only challenge to the Amended Complaint is that it fails to allege facts establishing a breach of the peace to overcome Defendants' right under Florida law to repossess the vehicle that Plaintiff defaulted on.

5

> driveway or a public street (*absent other circumstances, such as the debtor's objection*) constitutes a breach of the peace, and many cases uphold such a repossession.

*Northside Motors of Fla., Inc. v. Brinkley*, 282 So. 2d 617, 624–25 (Fla. 1973) (quoting *James J. White & Roberts S. Summers, Handbook of the Law Under the Uniform Commercial Code* 966–69 (1972)) (emphasis added). Here, Plaintiff alleges she physically sat in the vehicle to make her payment in an effort to prevent the repossession. She alleges the tow operator started yelling at her to allow him to take the car. Plaintiff further alleges she made repeated and unambiguous objections with instructions to stop the repossession. Plaintiff's allegations are sufficient to state a breach of the peace under Florida law.

Defendants argue that the Eleventh Circuit's unpublished opinion in *Westbrook* forecloses Plaintiff's claim that there was a breach of the peace. Doc. 21 at 5–6 (citing *Westbrook v. NASA Fed. Credit Union*, 799 Fed. Appx. 722 (11th Cir. 2020)). As pointed out by Plaintiff, however, *Westbrook* involved an application of Alabama law and is factually distinguishable. *See id.* at 725 ("Nor did [tow operator] say anything to provoke a breach of the peace. He did not curse or yell at them—there is no evidence that he even raised his voice."). Moreover, *Westbrook* was a ruling on summary judgment. In considering the instant motion to dismiss, the Court must construe all facts in a light most favorable to Plaintiff. In so doing, the Court concludes that Plaintiff has adequately alleged a breach of the peace, and thus, the Amended Motion to Dismiss is due to be denied. Accordingly, it is

6

**ORDERED**:

1. Defendants Hyundai Motor Finance and Primeritus Financial Services, Inc.'s Amended Motion to Dismiss (Doc. 21) is **DENIED**.

2. Because Defendant Howes Recovery LLC Joined in the Motion to Dismiss (Doc. 27), its Motion is **DENIED**.

3. Defendants shall file their answers to the Amended Complaint within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** in Tampa, Florida on December 11, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any